# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE COOPER, | 1:13-cv-00676-BAM (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| PAUL COPENHAVER, | [ECF No. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On March 6, 2013, Petitioner consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c)(1).  Local Rule 305(b).[1]

Petitioner filed the instant petition for writ of habeas corpus on February 19, 2013, in the United States District Court for the Eastern District of California, Sacramento Division.  On May

---

[1] On May 16, 2013, Petitioner submitted a notice indicating that he wished to decline the jurisdiction of the United States magistrate judge.  (ECF No. 7.)  A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge.  Pacemaker Diagnostic Clinic of America Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984).  This right can be waived, allowing the parties to consent to trial before a magistrate judge.  Id. at 542.  Petitioner consented in writing to conduct all proceedings before a magistrate judge.  Therefore, this action was referred to the magistrate judge for all further proceedings.

Petitioner has now submitted a notice indicating that he wishes to decline the jurisdiction of the magistrate judge.  However, once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only "for good cause shown on it sown motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b); Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir. 1984).  Petitioner has failed to set for any "extraordinary circumstances,' and the court does not sua sponte find "good cause" to vacate the reference.  Therefore, the undersigned retains jurisdiction to issue a final ruling in this matter.

1  8, 2013, the petition was transferred to this Court.

2  Petitioner was convicted in the United States District Court for the Eastern District of
3  Pennsylvania of several offenses, including tampering with a witness by murder in violation of
4  18 U.S.C. §§ 2, 1111(a), 1512(a)(1)(A) & (C), 1512(a)(2)(A).  Petitioner filed an appeal to the
5  United States Court of Appeals for the Third Circuit, which was denied.

6  On August 23, 2010, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the
7  sentencing court.  The motion was denied on March 15, 2011.

8  Petitioner then filed an application for a certificate of appealability in the United States
9  Court of Appeals for the Third Circuit, which was denied on May 26, 2011.

10  In the instant petition, Petitioner contends that the United States Supreme Court's
11  decision in Fowler v. United States, 131 S.Ct. 2045, issued May 26, 2011, renders his conviction
12  for tampering with a witness in violation of 28 U.S.C. § 1512(a)(1)(C) unlawful.

13  **DISCUSSION**

14  A federal prisoner who wishes to challenge the validity or constitutionality of his
15  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
16  under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Thompson v.
17  Smith, 719 F.2d 938, 940 (8th Cir. 1983); In re Dorsainvil, 119 F.3d 245, 249 (3d 1997);
18  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, *only the sentencing*
19  *court has jurisdiction*.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal
20  conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
21  2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see
22  also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

23  In contrast, a federal prisoner challenging the manner, location, or conditions of that
24  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
25  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d
26  175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991);
27  United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476,
28  478-79 (3d Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown

v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id.; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Section 2255, subsection(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Although Petitioner has previously filed a § 2255 motion in the sentencing court which was denied, Petitioner has not sought permission to file a second or successive motion in the appropriate court of appeals, and it is possible that the motion would be granted in which case Petitioner would have another opportunity to present his claim in the proper forum. Thus, Petitioner has not shown that he did not have an "unobstructed procedural shot" at presenting his challenges to the sentencing court. Accordingly, the instant petition for writ of habeas corpus

must be dismissed for lack of jurisdiction.

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a proceeding under section 28 U.S.C. § 2255.  28 U.S.C. § 2253(c)(1)(B); <u>Hohn v. United States</u>, 524 U.S. 236, 239-240 (1998).  Appeal from a proceeding that is normally undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive application under § 2255, requires a certificate of appealability.  <u>Porter v. Adams</u>, 244 F.3d 1006, 1007 (9th Cir. 2001).

As explained herein, in the instant petition Petitioner is raising claims attacking only the legality of his conviction, not the execution of his sentence.

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529 U.S. 473,

1  484 (2000). While the petitioner is not required to prove the merits of his case, he must
2  demonstrate "something more than the absence of frivolity or the existence of mere good faith on
3  his . . . part." Miller-El, 537 U.S. at 338.
4      In the present case, the Court finds that reasonable jurists would not find the Court's
5  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or
6  deserving of encouragement to proceed further. Petitioner has not made the required substantial
7  showing of the denial of a constitutional right. Accordingly, the Court DECLINES to issue a
8  certificate of appealability.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED;
2. The Clerk of Court is directed to terminate this action; and
3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   May 21, 2013                    /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE